In re PROTEST OF BROOKS and Protest of Wright Regarding Initiative Part–Petition Concerning Proposed Legislation Known as Ohio's Prescription Drug Fair Pricing Act.

[Cite as *In re Protest of Brooks,* 154 Ohio App.3d 739, 2003-Ohio-5241.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 03COA010.

Decided Oct. 1, 2003.

Quintin F. Lindsmith, Anne Marie Sferra and Vladimir P. Belo, for appellants.

Donald J. McTigue, for appellees.

WILLIAM B. HOFFMAN, Presiding Judge.

{¶ 1} Protestors-appellants Keith Brooks and James M. Wright appeal from the February 26, 2003 judgment entry-decision entered by the Ashland County Court of Common Pleas, which denied appellants' protests to certain part-petitions that appellee Ashland County Board of Elections ("the board") had certified as valid. Additional appellees are William Burga, Athena Godet–Calogeras, Dale Miller, Robert Hagan, and the Ohio Coalition for Affordable Prescriptions Drugs (collectively "the committee").

## STATEMENT OF THE FACTS AND CASE

{¶ 2} The board received various initiative petitions from the Ohio Secretary of State for purposes of determining the validity of various signatures on the petitions as required by R.C. 3519.15. The initiative petitions proposed legislation known as the "Ohio Prescription Drug Fair Pricing Act." The board reviewed the part-petitions and submitted a report to the Secretary of State, indicating the sufficiency or insufficiency of the signatures and indicating whether or not each part-petition was properly verified.

{¶ 3} On January 14 and 15, 2003, appellants filed protests to the board's decision. The board called an emergency public meeting to consider the protests on January 16, 2003. Prior to the meeting, the board verbally notified counsel for appellants of the meeting. Counsel for appellants was present at the January 16, 2003 meeting. At the meeting, the board considered the protests and voted to uphold some portions and deny other portions thereof. Pursuant to R.C. 3519.16, the board filed a petition with the Ashland County Court of Common Pleas to establish the sufficiency of the part-petitions. Appellants filed a Civ.R. 24 motion to intervene as respondents in the proceedings. The committee also filed a motion to intervene. Via judgment entry filed February 5, 2003, the trial court granted both motions to intervene.

{¶ 4} The parties filed joint stipulations of fact on February 18, 2003. The trial court conducted a hearing on the board's petition on February 19, 2003. Via judgment entry-decision filed February 26, 2003, the trial court denied appellants' protests specific to part-petitions Nos. 194 and 1508.

{¶ 5} It is from this judgment entry that appellants appeal, raising the following assignments of error:

{¶ 6} "I. The trial court erroneously deviated from the well-established standard of strict compliance with Ohio election law when it refused to invalidate an initiative part-petition on which one person affixed more than one signature and for which the circulator's statement was false as a matter of law.

{¶ 7} "II. The trial court improperly deviated from the applicable standard of strict compliance with Ohio election law by refusing to invalidate signatures accompanied by incomplete disclosure of the signer's address."

I, II

{¶ 8} Because appellants' assignments of error are interrelated, we shall address them together. In their first assignment of error, appellants contend that the trial court failed to strictly comply with Ohio election laws by refusing to invalidate part-petition 194, on which one person had affixed more than one signature and for which the circulator's statement was false. Appellants argue the trial court failed to properly apply R.C. 3519.06 to the stipulated facts. In their second assignment of error, appellants assert that the trial court failed to apply the strict compliance standard when it refused to invalidate a signature on part-petition No. 1508 where the signer had an incomplete disclosure of his address.

{¶ 9} R.C. 3519.06 provides:

{¶ 10} "No initiative or referendum part-petition is properly verified if it appears on the face thereof, or is made to appear by satisfactory evidence:

{¶ 11} "(A) That the statement required by section 3519.05 of the Revised Code is not properly filled out;

{¶ 12} "(B) That the statement is not properly signed;

{¶ 13} "(C) That the statement is altered by erasure, interlineation, or otherwise;

{¶ 14} "(D) That the statement is false in any respect;

{¶ 15} "(E) That any one person has affixed more than one signature thereto."

{¶ 16} R.C. 3519.16 sets forth the mechanism by which the validity of a part-petition may be challenged. That section provides:

{¶ 17} "If the circulator of any part-petition, the committee interested therein, or any elector files with the board of elections a protest against the board's findings made pursuant to section 3519.15 of the Revised Code, then the board shall proceed to establish the sufficiency or insufficiency of the signatures and of the verification thereof in an action before the court of common pleas in the county. Such action must be brought within three days after the protest has been filed, and the case shall be heard forthwith by a judge of such court whose decision shall be certified to the board."

{¶ 18} R.C. 3519.16 contemplates a de novo review by the trial court. In the instant action, the trial court stated:

{¶ 19} "e) While the facts of the cases cited by the challenger here [appellants] (*Scioto County* and *Lorain County*) are not at all similar to the instant case, this Court is finding that the *Foster* [*v. Cuyahoga Cty. Bd. of Elections* (1977), 53 Ohio App.2d 213, 7 O.O.3d 282, 373 N.E.2d 1274] case cited by the Board is applicable, by analogy here. In pertinent part, that Court held: 'However, we conclude, because protest procedures to the qualifications of write-in candidates are not specifically provided by statute or the Civil Rule, and where no protest proceeding is, in fact, held, that the initial approval or disapproval by a board of elections of a write-in candidacy is final absent fraud, corruption, abuse of discretion, or clear disregard of statutes, or applicable legal provisions. See Section 3501.11(K).'

{¶ 20} "By analogy here, no specific provision exists with regard to gathering initiative petition signatures. Therefore, this Court holds that the same standard should be applied to these proceedings.

{¶ 21} "f) In applying this standard to these facts, this Court does not find fraud, corruption, abuse of discretion or clear disregard of statute, etc., in the conduct of Marcia Clark in obtaining Mr. Randleman's signature. Therefore, the Request to have the entire part-petition # 194 is hereby denied." February 26, 2003 judgment entry-decision at 3–4.

█ {¶ 22} It is somewhat unclear from the aforequoted language whether the trial court believed that it was required to give deference to the board's decision, or was required to conduct a de novo review of circulator Marcia Clark's conduct to determine whether Clark had engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes, or applicable legal provisions. The trial court relied upon the Eighth District Court of Appeals' holding in *Foster v. Cuyahoga Cty. Bd. of Elections* (1977), 53 Ohio App.2d 213, 7 O.O.3d 282, 373 N.E.2d 1274, finding the case to be analogous to the matter sub judice. We disagree. Unlike *Foster*, the statute at issue herein provides a specific protest procedure. We would not find the lack of a specific provision regarding gathering initiative petition signatures analogous to the lack of a specific provision regarding protest procedure. Furthermore, R.C. 3519 does include specific provisions regarding the gathering of initiative-petition signatures.

{¶ 23} The statute at issue in *Foster* did not specifically provide for a statutory protest procedure. Because R.C. 3519.16 sets forth a specific protest procedure, the board's determination of the validity of the signatures was purely gratuitous and should not be afforded deferential review. Likewise, Clark's conduct in gathering the signatures must strictly comply with the requirements set forth in R.C. 3519. The trial court must then determine whether the part-petition was properly verified in accordance with R.C. 3519.06. We find the trial court's requirement of a demonstration of fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions on the part of Clark to be erroneous and contrary to the requirement of strict compliance with the statutes. See *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77–01 v. Lorain Cty. Bd. of Elections*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239; and *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1992), 65 Ohio St.3d 167, 169, 602 N.E.2d 615.

{¶ 24} When reviewing the challenge to line 20 of part-petition No. 194, the trial court applied a substantial-compliance standard and found no clear showing of disregard of any applicable legal provision. When reviewing the challenge to line 2 of part-petition No. 1508, we surmise that the trial court again failed to apply the strict-compliance standard. The trial court recited the board's contention that the signator "adequately described" his house number and street.

{¶ 25} Because we believe the trial court applied the wrong standard in reaching its decision with regard to the validity or invalidity of the entire part-petition No. 194, part-petition No. 194, line 20, and part-petition No. 1508, line 2, we sustain appellants' assignments of error. The trial court's judgment is reversed, and the matter is remanded to the trial court for redetermination applying a strict-compliance standard.

{¶ 26} The judgment of the Ashland County Court of Common Pleas is reversed.

Judgment reversed
and cause remanded.

JOHN W. WISE and BOGGINS, JJ., concur.